## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BILLY MONROE #103355**                                    **CIVIL ACTION**

**versus**                                                              **NO. 05-5718**

**BURL CAIN, WARDEN**                                       **SECTION: "D" (3)**

### REPORT AND RECOMMENDATION

       This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Billy Monroe, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On April 5, 1983, he was convicted of one count of aggravated rape, one count of attempted aggravated rape, and two counts of armed robbery in violation of Louisiana law.[2]  On June 13, 1983, a habitual offender proceeding was held.  At that time, he was found to be a second offender, and he was sentenced on the aggravated rape conviction to life imprisonment, on the attempted aggravated rape conviction to a term of one hundred years imprisonment, and on each of the armed robbery convictions to a term of one hundred ninety-eight years imprisonment.  It was ordered that his sentences run consecutively.[3]  On June 3, 1987, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions.  However, because the intermediate appellate court found that petitioner could be given an enhanced sentence as a habitual offender with respect to only one of his convictions, the court vacated his enhanced sentences on the attempted aggravated rape and armed robbery convictions and remanded the matter for resentencing on those three convictions.[4]  Petitioner did not seek further direct review of his convictions or sentences.

---

[2]  State Rec., Vol. II of III, minute entry dated April 5, 1983; State Rec., Vol. II of III, jury verdict form.

[3]  State Rec., Vol. II of III, transcript of June 13, 1983; State Rec., Vol. II of III, minute entry dated June 13, 1983.

[4]  State v. Monroe, 508 So.2d 910 (La. App. 4th Cir. 1987).  It is unclear from the state court record what sentences petitioner received on those convictions upon resentencing.

Over sixteen years later, on or after December 22, 2003, petitioner allegedly filed with the state district court an application for post-conviction relief.[5] When he did not receive a ruling on that application, he filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of mandamus.[6]  On September 8, 2004, the intermediate appellate court denied that application, holding: "This court has reviewed the claims raised by relator in his application for post-conviction relief and finds that he is not entitled to relief.  Therefore, his request for a writ of mandamus is denied."[7]  He then filed with the Louisiana Supreme Court an application for a supervisory and/or remedial writ[8] which was denied on August 19, 2005.[9]

On September 1, 2005, petitioner filed this federal application for *habeas corpus* relief.[10] In support of his application, petitioner claims:

    1.      Petitioner was indicted by an illegally empaneled grand jury;

    2.      Petitioner's counsel was ineffective in failing to file a motion

                  to quash the indictment; and

---

[5] State Rec., Vol. I of III.  Petitioner dated that application December 22, 2003.

[6] State Rec., Vol. I of III.

[7] State v. Monroe, No. 2004-K-1343 (La. App. 4th Cir. Sept 8, 2004) (unpublished); State Rec., Vol. I of III.

[8] State Rec., Vol. III of III.

[9] State *ex rel.* Monroe v. State, 908 So.2d 659 (La. 2005) (No. 2004-KH-2884); State Rec., Vol. III of III.

[10]  Rec. Doc. 1.

3.      The state courts erred in rejecting petitioner's post-conviction

claims concerning the grand jury.

The state argues that petitioner's federal application is untimely.[11]  For the following

reasons, this Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established

a one-year statute of limitations for the filing of federal *habeas corpus* applications.  The method

for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of –
>
> > (A) the date on which the judgment became final by
> > the conclusion of direct review or the expiration of the time
> > for seeking such review;
> > (B) the date on which the impediment to filing an
> > application created by State action in violation of the
> > Constitution or laws of the United States is removed, if the
> > applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted
> > was initially recognized by the Supreme Court, if the right
> > has been newly recognized by the Supreme Court and made
> > retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the
> > claim or claims presented could have been discovered
> > through the exercise of due diligence.

---

[11]  Rec. Doc. 15.

Reviewing petitioner's application, the Court finds that subsections (B), (C), and (D) are clearly inapplicable.[12] Moreover, even subsection (A), which runs the statute of limitations from the finality of a petitioner's conviction, is not strictly applicable, in that petitioner's convictions became final prior to the enactment of the AEDPA. With respect to such prisoners, the United States Fifth Circuit Court of Appeals has held that a "grace period" applies and that the one-year statute of limitations began to run in such cases on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). Accordingly, petitioner had only until April 24, 1997, to file a federal application for *habeas corpus* relief, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state

---

[12] Petitioner does not argue that those subsections are applicable, and the Court finds that they are not. As to subsection (B), there is no allegation that petitioner's ability to file a post-conviction application was impeded by any action of the State. As to subsection (D), petitioner's claims do not involve a factual predicate which was unknown to him at the time of his conviction. Lastly, for the reasons set forth below in greater detail, subsection (C) is likewise inapplicable.

As noted, subsection (C) delays the commencement of the statute of limitations where petitioner's claims involve newly recognized constitutional rights. This Court notes that petitioner's claims are founded on State v. Dilosa, 848 So.2d 546 (La. 2003). In Dilosa, the Louisiana Supreme Court held that Louisiana laws which established a unique method for the selection of the grand jury venire and foreperson in Orleans Parish violated La. Const. art. III, § 12(A), which prohibits the passage of local laws concerning criminal actions. Because Dilosa was a decision of the *Louisiana* Supreme Court and concerned only a *state* constitutional provision, it is irrelevant to tolling under subsection (C), which delays the AEDPA's statute of limitations only where the *United States* Supreme Court has newly recognized a *federal* constitutional right. Davis v. Jones, Civil Action No. 05-5524, 2006 WL 1540114, at *2 (E.D. La. May 31, 2006) (Berrigan, J.); see also Finan v. Merritt, No. 802CV2171T30MSS, 2005 WL 3372866, at *3 (M.D. Fla. Dec. 12, 2005); Bathe v. Wallace, No. 05C541C, 2005 WL 3307505, at *3 (W.D. Wis. Dec. 5, 2005).

court.  28 U.S.C. § 2244(d)(2).  However, from April 24, 1996, to April 24, 1997, petitioner had no applications pending before the Louisiana state courts.  Therefore, petitioner is not entitled to any statutory tolling of the AEDPA's statute of limitations during that period.[13]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

For the foregoing reasons, petitioner's federal application for *habeas corpus* relief had to be filed on or before April 24, 1997, in order to be timely.  Petitioner's federal application was not filed until September 1, 2005,[14] and it is therefore untimely.

---

[13]  The Court notes that petitioner filed a state post-conviction application in 2003.  However, because that application was filed *after* the expiration of the AEDPA's one-year statute of limitations, the application and the related appellate court proceedings have no bearing on the timeliness of petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[14]  Petitioner signed his federal *habeas corpus* application on September 1, 2005.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

## <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Billy Monroe be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of August, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**